UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE RAY JONES, | No. 2:13-cv-1096 AC P |
| Petitioner, | |
| v. | ORDER and |
| DUFFY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a sentence of 25 years to life after a 2007 conviction for assault with force likely to cause great bodily injury. He initially pled nolo contendre to a lesser count in 2003, but then successfully argued to the state Court of Appeal that the plea had been induced by misrepresentations. The Court of Appeal reversed and remanded the 2003 judgment, and petitioner was re-tried and convicted in 2007. According to the petitioner, the parties agreed in his original 2003 plea bargain that petitioner would serve a sentence of twelve years. Petitioner appears to seek specific performance of that plea bargain now.

Petitioner has filed in this court at least two prior challenges to his 2007 conviction. The first, Jones v. Haws, 2:09-cv-1735 MCE CHS, was denied on the merits in 2011. The second, Jones v. Gipson, 2:11-cv-1190 CMK, was summarily dismissed as second or successive on May

8, 2013.  The instant petition was filed on May 31, 2013.

To the extent petitioner again seeks to raise a challenge to his 2007 conviction, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

To the extent petitioner seeks to challenge his 2003 conviction and sentence, petitioner's challenge must fail.  The 2003 judgment was reversed and remanded.  Such a disposition leaves nothing to challenge, because, under California law, the reversal placed the parties into the same position as if the cause had never been tried.  E.g., People v. Phillips, 75 Cal. App. 2d 381 (1969) (defendant who obtains reversal subjects himself to retrial that may reach same result), cert. denied, 396 U.S. 1021(1970); People v. Murphy, 59 Cal.2d 818 (1963); Oldum v. Duffy, 35 Cal.2d 562 (1950).  Additionally, it is not clear how this court would have jurisdiction over such a challenge, or how petitioner would be able to establish that he has a "personal stake" in the outcome.  See, e.g., Camreta v. Greene, 131 S.Ct. 2020 (2011) (petitioner must show that he has suffered an injury in fact, caused by the conduct complained of, that will be redressed by a favorable decision).

In accordance with the above, IT IS HEREBY ORDERED THAT the Clerk assign a district judge to this matter; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-eight days after service of the objections.  The parties are

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 11, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/jone1096.success

3